IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard F. Whelchel, II, # 182757, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>E. Richard Bazzle, Warden of Perry )<br>    Correctional Institution; )<br>and )<br>)<br>Henry McMaster, )<br>    Attorney General of South Carolina )<br>)<br>Respondents. )<br>_____) | C.A. No.: 2:04-2061-23AJ<br><br>**ORDER** |

This matter is before the court upon Petitioner Richard F. Whelchel, II's ("Petitioner" or "Whelchel") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The magistrate judge's R&R recommends that respondents' motion for summary judgment be granted. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On September 14, 2006, Whelchel, through his counsel, filed timely objections to the R&R.

## BACKGROUND

Petitioner Whelchel is presently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections. He was indicted by a grand jury in June of 1991 for murder and in September of 1991 for armed robbery. R. Scott Davis, Esquire, represented Whelchel in his jury trial held November 19-21, 1991, in the Cherokee County General Sessions Court before

1

the Honorable James B. Stephen. The jury convicted Whelchel as charged, and the judge sentenced Whelchel to life imprisonment for murder and to twenty-five years, concurrent, for armed robbery.

Whelchel appealed, and Lesley M. Coggiola, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Whelchel on appeal. Through his appellate counsel, Whelchel raised only one issue: whether the solicitor's use of peremptory challenges violated the Equal Protection Clause and *Batson v. Kentucky*, 476 U.S. 79 (1986). (App. p. 827). The Supreme Court of South Carolina affirmed the convictions on August 5, 1993. *State v. Whelchel*, Memorandum Opinion No. 93-MO-247 (S.C.Sup.Ct. filed August 5, 1993).

Petitioner then filed an application for post-conviction relief (PCR) on September 5, 1996, alleging three grounds for relief: (1) ineffective assistance of counsel, (2) error in admission of evidence, and (3) after-discovered evidence. An evidentiary hearing convened on July 23, 2001, at which the Honorable Donald W. Beatty presided. William Rhoden, Esquire, represented Petitioner in this endeavor and defined the issues to be presented as follows: (1) ineffective assistance of counsel and (2) ineffective assistance of appellate counsel. (App. p. 570, lines 10-15).

At the conclusion of the hearing, Judge Beatty took the case under advisement. (App. p. 682, lines 4-7). On October 11, 2001, Judge Beatty ordered a new evidentiary hearing because the formal order requested by the court had not been received as of that date. (App. p. 823). A second evidentiary hearing was convened on July 31, 2002, at which the transcript from the first hearing was made part of the record and Petitioner was allowed to supplement the record. (App. p. 634, line 3 – p. 639, line 5). Counsel noted that Petitioner had filed several amendments to the PCR application on his own, and the PCR judge rejected those amendments as a violation of state law prohibiting hybrid representation. (App. p. 637, lines 4-13). However, Petitioner and his counsel

2

noted that these attempted amendments all pertained to the ineffective assistance of counsel allegations and thus did not raise any new issues. (App. p. 637, line 14 – App. p. 638, line 3). On January 2, 2003, Judge Beatty issued a written order of dismissal. (App. p. 715). The order defined the issues raised to, and ruled upon by the PCR judge, as follows:

> 1. Allegation of ineffective assistance of trial counsel for the failure to procure the Applicant's former wife's tape recorded statement/failure to . . . request to be relieved so he could be a witness;
>
> 2. Allegation of ineffective assistance of counsel for the failure to address the Applicant's former wife['s] recantation of her trial testimony;
>
> 3. Allegation of ineffective assistance of counsel for the failure to call witnesses to attack the credibility of the Applicant's former wife's drug abuse;
>
> 4. Allegation of ineffective assistance of counsel for the failure to object to the diagram being introduced;
>
> 5. Allegation of ineffective assistance of counsel for advising the Applicant not to testify;
>
> 6. Allegation of ineffective assistance of appellate counsel for the failure to raise certain issues.

(App. pp. 709-713). (See also App. p. 640, line 8 – p. 648, line 12).

Whelchel filed a timely notice of intent to appeal the denial of PCR. On June 10, 2003, Wanda H. Haile, Senior Assistant of the South Carolina Office of Appellate Defense, moved in the Supreme Court of South Carolina for an appointment of outside counsel since Whelchel had alleged a claim of ineffective assistance of appellate counsel against a former attorney for the Office of Appellate Defense. On June 26, 2003, the Supreme Court granted the motion and appointed William G. Rhoden, Esquire, as appellate counsel. Both Rhoden and Whelchel moved to have substitute

counsel appointed, but on August 6, 2003, the Court denied both motions. On August 29, 2003, Rhoden filed a Petition for Writ of Certiorari and raised the following issues:

1. Trial counsel was ineffective for failing to preserve the issue of premature jury deliberations;

2. Trial counsel was ineffective for failure to preserve evidence and failing to offer himself as a witness;

3. Trial counsel was ineffective for failing to call witnesses and produce evidence to refute the credibility of the state's key witness, Clarissa Whelchel;

4. The Petitioner was denied effective assistance of appellate counsel.

(Cert. petition, pp. 8-11). The Supreme Court of South Carolina issued a summary order on May 13, 2004, which denied the petition.

## STANDARD OF REVIEW

### A. Legal Standard for Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990).

### B. Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the magistrate

judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the magistrate judge fairly and accurately summarized the facts and applied the correct principles of law. However, this court finds that the Petitioner's claim of ineffective assistance of counsel regarding counsel's conflict of interest is exhausted and thus ripe for review. Accordingly, the court adopts the R&R in part, and modifies it as set forth by this Order.

## DISCUSSION

### A.    Exhaustion and Procedural Bypass

It is well settled that a petitioner must first exhaust state court remedies before seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See Breard v. Greene*, 523 U.S. 371, 375 (1998) ("It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977))); *see also* 28 U.S.C. § 2254(b)-(c). To satisfy this exhaustion requirement, "a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).[1] Furthermore, a habeas petitioner must exhaust all post-conviction relief (PCR) remedies, meaning the petitioner must file a PCR application, an order adjudicating the issues must be rendered, and the petitioner must either petition or knowingly waive appellate review. *See Gibson v. State*, 329 S.C. 37, 42, 495 S.E.2d 426, 428

---

[1] Per an order by the Supreme Court of South Carolina, "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990).

5

(1998).

### B.     Section 2254 Petitions

With respect to those claims that were adjudicated by the state court on their merits, habeas relief is warranted only if a petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from the Court's decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is

objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

### C. Objections

Whelchel, through counsel, raises a number of objections to the magistrate judge's R&R. This court will address each one in turn.

#### 1. Objection 1: The magistrate judge erred in concluding that most of Petitioner's claims are unexhausted and therefore procedurally bypassed.

The magistrate judge concluded the Petitioner had exhausted only Ground E and part of Ground A and thus reviewed only those two grounds on the merits. (R&R at 14). The magistrate did not review the other grounds, concluding the Petitioner had not exhausted them in his state court proceedings. (*Id.*). Petitioner objects to this conclusion, but he does not indicate which claims he believes are exhausted. On reviewing the record, the R&R, and Petitioner's objections, this court agrees with the magistrate that Petitioner's claim of ineffective assistance of counsel for failure to secure needed expert witnesses and Petitioner's claim of ineffective assistance of appellate counsel are exhausted. However, this court also finds Petitioner's claim of ineffective assistance of counsel resulting from a conflict of interest is also exhausted. All other claims are technically exhausted but procedurally bypassed.

On reading Whelchel's first objection in conjunction with several of his others, it appears Petitioner objects to the magistrate's conclusion that all of his claims regarding ineffective assistance of trial counsel were not exhausted. Petitioner appears to argue that since he raised ineffective

7

assistance of trial counsel for failure to secure needed expert witnesses in his PCR proceeding, he should not be precluded from raising ineffective assistance of counsel on other grounds in his § 2254 petition.

Petitioner's argument is without merit. In *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991), the federal habeas petitioner argued he was entitled to relief because he had been denied effective assistance of counsel. *Id.* at 1363. Although the petitioner raised ineffective assistance of trial counsel for failing to investigate and present potentially mitigating factors at his sentencing in his state court proceedings, the Fourth Circuit found all of his other ineffective assistance of counsel claims to be procedurally barred. *Id.* at 1365; *see also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. . . . [A]llowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state's 'full and fair opportunity to address the claim on the merits.'" (citation omitted)); *Brown v. Shanks*, 185 F.3d 1122, 1124-25 (10th Cir. 1999) (noting that petitioner failed to exhaust his state court remedies with respect to ineffective assistance of counsel for failure to investigate and pursue an intoxication defense despite the fact that petitioner raised other grounds of ineffective assistance of counsel in state court).

In this case, Whelchel raised only two parts of Ground A in his state court proceedings. He raised the claim of ineffective assistance of counsel for failure to secure needed expert witnesses in

8

his petition for a writ of certiorari from the denial of PCR relief to the South Carolina Supreme Court. This court also finds Whelchel raised the claim of ineffective assistance of trial counsel with respect to a conflict of interest in his state court proceedings. The PCR judge ruled on Petitioner's allegation of ineffective assistance of trial counsel for failure to request to be relieved so he could be a witness. (App. p. 709). Moreover, on appeal from denial of PCR, Petitioner again argued he was denied effective assistance of counsel because counsel failed to offer himself as a witness. (Cert. petition, pp. 8-11). Thus, this court finds Petitioner's claims of ineffective assistance of trial counsel for a conflict of interest and for failure to secure needed expert witnesses to be exhausted. Petitioner did not exhaust any of the other ineffective assistance of counsel claims in Ground A because none of these claims were raised in any state court proceeding. Accordingly, these claims are unexhausted and not available for review. *See Breard v. Greene*, 523 U.S. 371, 375 (1998).

2.  **Objection 2: The magistrate judge erred in concluding Petitioner procedurally bypassed or failed to exhaust the specific issues he attempted to raise by way of amendment to the PCR application.**

The Petitioner filed several motions to amend his PCR application. He filed five motions to amend on the following dates: May 8, 2001; March 18, 2002; April 19, 2002; May 13, 2002; and July 12, 2002. Judge Beatty rejected these amendments as a violation of state law prohibiting hybrid representation. (App. p. 637, lines 4-13). Petitioner now argues this court should consider the issues in the amendments as raised and therefore exhausted.

It is well-settled that a defendant does not have a Sixth Amendment right to "hybrid" representation, meaning a defendant does not have a right to proceed partially *pro se* and partially with counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta*[*v. California*, 422 U.S. 806 (1975),] does not require a trial judge to permit 'hybrid' representation . . . ."). Nor does the

9

South Carolina Constitution provide a defendant with the right to hybrid representation. *Foster v. State*, 298 S.C. 306, 307, 379 S.E.2d 907, 907 (1989).[2] At the hearing on July 31, 2002, Judge Beatty inquired whether Whelchel filed his amended applications by himself or through his attorney. (App. p. 637, lines 9-10). Mr. Rhoden answered, "He did it himself," and based on this information, Judge Beatty rejected the amendments (App. p. 637, lines 11-13). Thus, the court properly rejected them pursuant to the rule prohibiting hybrid representation. *Foster*, 298 S.C. at 307, 379 S.E.2d at 907; *see also Powell v. Cockrell*, 35 Fed. App'x 386 (5th Cir. 2002) (unpublished table decision) ("Texas does not allow 'hybrid representation.' Therefore, because only claims raised in the petition filed by his attorney were properly before Texas state courts, Powell's *pro se* claims were not fairly presented to state courts and are therefore unexhausted and procedurally barred." (citations omitted)).

   **3.     Objection 3: The magistrate judge erred in concluding that trial counsel's errors were not of constitutional dimensions.**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2] In *Foster*, the petitioner attempted to file a substantive document but did not submit the document through counsel. 298 S.C. at 306, 379 S.E.2d at 907. Whelchel's case differs in that it appears counsel filed the first amendment and consented to the filing of the others. (App. p. 758, 779, 789, 806, 817). However, "counsel cannot serve as a mere conduit for *pro se* documents in an effort to avoid the prohibition against hybrid representation. . . ." *Jones v. State*, 348 S.C. 13, 14, 558 S.E.2d 517, 517 (2002).

10

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

In his § 2254 petition, Whelchel states he was denied effective assistance of counsel for "failing to subpoena and confront accuser, failure to object to improper and prejudicial prosecutional [sic] remarks, failure to secure needed expert witnesses, conflict of interest, and failure to object to constructive amendment to the indictment." (Petition at 4). He also alleges, as Ground E, that he was denied the right to effective appellate counsel. (Petition at 6). As not all of these grounds were asserted in state proceedings, *see supra* p. 7-9, this court will address only those grounds ripe for review.

i.  **Ineffective Assistance of Counsel for Failure to Secure Needed Expert Witness**

Whelchel's allegations regarding this claim of ineffective assistance of counsel indicate he believes he was denied effective assistance because his counsel failed to call a witness to refute the testimony of the prosecution's "star witness" who was his wife at that time. (Objections at 2). The PCR judge evaluated this claim pursuant to *Strickland* and determined that Whelchel was not entitled to relief. (App. p. 711). In the R&R, the magistrate judge agreed with the PCR judge's assessment, finding Whelchel did not meet his burden under § 2254 because he "failed to show the PCR judge unreasonably applied *Strickland*, or unreasonably determined the facts that support his conclusion." (R&R at 20).

This court agrees with the magistrate judge; Whelchel has not met his burden under § 2254. *See* 28 U.S.C. § 2254(d). Whelchel's claim of ineffective assistance of counsel for failure to secure

a needed expert witness is without merit. First, he is unable to demonstrate that counsel's performance was deficient. Counsel testified he was aware Clarissa Whelchel's court-ordered evaluation showed that she could not conform her actions to what was legally expected due to her taking large amounts of Xanax at the time of the crime. (App. p. 663). Counsel further testified that he was aware the evaluating doctor was present at trial but that he opted not to call him as a defense witness. (*Id.*). He instead "tried to bring out the affects [sic] that she would [have] been under through the testimony of . . . Doctor Sexton, the one that testified." (App. p. 663, lines 3-17). Counsel indicated that he was very careful to reserve the last argument as a strategic move in representation, which may only be done by not offering defense evidence. (App. p. 597). *See State v. Mouzon*, 326 S.C. 199, 203, 485 S.E.2d 918, 921 (1997). Although counsel did not call an expert witness to discredit Clarissa Whelchel's testimony, he was able to get the effects of her Xanax use before the jury through cross-examination. Counsel's performance in this regard was not deficient; he was able to present the Xanax use to the jury while still ensuring he had the last argument. Moreover, Whelchel has not demonstrated any prejudice resulting from this alleged deficiency. The jury heard the information regarding Clarissa Whelchel's Xanax use when they heard Dr. Sexton's cross-examination. Therefore, Whelchel has failed to demonstrate the PCR judge unreasonably applied *Strickland* or unreasonably determined the facts that support his conclusion.

      ii.  **Ineffective Assistance of Appellate Counsel for Failure to Submit Meritorious Issues to the Court for Review**

Whelchel asserts he did not receive effective assistance of appellate counsel because his appellate counsel did not raise the armed robbery issue on appeal. (Objections at 4). Specifically, Whelchel states appellate counsel should have argued the record lacks support for the armed robbery conviction. (*Id.*). The PCR judge relied on *Strickland* and determined that appellate counsel's

12

performance was professionally reasonable and that Whelchel failed to carry his burden to show prejudice from the allegedly deficient representation. (App. p. 714). In the R&R, the magistrate judge found Whelchel had not demonstrated South Carolina's adjudication resulted in a decision based on an unreasonable application of the facts or resulted in a decision contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. (R&R at 22).

This court agrees with the magistrate judge that Whelchel has not met his burden under § 2254 because he has not demonstrated the PCR judge unreasonably applied *Strickland* or unreasonably determined the facts supporting his conclusion. *See* 28 U.S.C. § 2254(d). Whelchel has not demonstrated either prong of *Strickland*. First, he has not demonstrated appellate counsel's performance fell below the reasonable professional norm. While Whelchel's appellate counsel raised only a *Batson* issue, appellate counsel has a professional duty to choose among potential issues according to their merit. *See Jones v. Barnes*, 463 U.S. 745, 750-54 (1983). In this case, appellate counsel testified, "[B]ased on my brief, it would appear that the *Batson* issue was the only one that I felt had some, had merit to go to the Court. We don't brief every issue." (App. p. 675, lines 21-24). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. *See Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985). Here, appellate counsel testified she reviewed the entire transcript and thought the *Batson* issue was the one that "had merit." (App. p. 675, lines 16-23). As "we accord counsel the 'presumption that he decided which issues were most likely to afford relief on appeal,'" *Fisher v. Lee*, 215 F.3d 438, 457 (4th Cir. 2000), Whelchel did not meet his burden under *Strickland* to prove that appellate counsel's performance fell below the

13

reasonable professional norm.

Furthermore, Whelchel has not demonstrated the second prong of *Strickland* because he has not demonstrated he was prejudiced by counsel's alleged deficiency. Under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Whelchel has not met this burden because the trial transcript reveals the following: Whelchel admitted that after shooting the victim, he picked up the money in question from the ground where the victim fell and took it with him. The money was put in his son's diaper bag and Whelchel took the money and the gun to Johnny Owen's house. Later at Johnny Owen's house, Whelchel's wife gave the money and the gun to the police. (App. p. 241, p. 296, pp. 316-17, pp. 326-34, p. 393). He thus cannot demonstrate to a reasonable probability that he would have prevailed had his appellate counsel raised the issue that the record lacks support for his armed robbery conviction.

In sum, Whelchel has not carried his burden under § 2254. He has not demonstrated the PCR court's adjudication of this issue resulted in a decision contrary to or involving an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). He is thus not entitled to relief on this claim.

### iii. **Ineffective Assistance of Counsel for Conflict of Interest**

Whelchel asserts his trial counsel was ineffective due to a conflict of interest. More specifically, Whelchel indicated in the state proceedings that his trial counsel should have sought to be relieved so he could be a witness in the case and testify to some inconsistent statements of Clarissa Whelchel. (Pet. for Writ of Certiorari at 9). The PCR court ruled, without much

explanation, that Whelchel had not demonstrated he received ineffective assistance of counsel under *Strickland*'s burden. (App. pp. 709-10). As the magistrate judge found this claim to be procedurally barred, he did not address it. (R&R at 14).

Whelchel has not demonstrated that he received ineffective assistance of counsel due to a conflict of interest. The Court of Appeals for the Fourth Circuit stated,

> The *Strickland* Court recognized that a claim of ineffective assistance of counsel arising from counsel's conflict of interest presents a special case subject to the standard articulated by *Cuyler v. Sullivan*, 446 U.S. 335 (1980). To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under "an actual conflict of interest" that (2) "adversely affected his lawyer's performance." After a petitioner satisfies this two-part test, prejudice is presumed.

*Mickens v. Taylor*, 240 F.3d 348, 355 (4th Cir. 2001) (citations omitted), *aff'd*, 535 U.S. 162 (2002). An actual conflict of interest arises "when a defense attorney places himself in a situation inherently conducive to divided loyalties . . . If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists." *Duncan v. State*, 281 S.C. 435, 438, 315 S.E.2d 809, 811 (1984).

Whelchel has not met his burden under *Mickens* to show that he received ineffective assistance of counsel arising from a conflict of interest. First, he has not demonstrated that his counsel labored under an actual conflict of interest. Although professional conduct rules have no bearing on whether a criminal conviction is constitutional, *see Langford v. State*, 310 S.C. 357, 360, 426 S.E.2d 793, 795 (1993), this court finds no merit to Whelchel's contention given that his attorney did not violate South Carolina Rules of Professional Conduct Rule 1.7. This rule states,

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or

15

> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

S.C. Rules of Prof'l Conduct Rule 1.7(a). Whelchel alleges a conflict of interest exists because the lawyer did not seek to remove himself as counsel and testify, but this allegation does not indicate counsel labored under an actual conflict of interest. Furthermore, the record does not indicate, and Whelchel does not allege, that his counsel owed duties to anyone whose interests were adverse to Whelchel's interests.

Even if Whelchel had established his counsel labored under an actual conflict of interest, this alleged conflict did not adversely affect counsel's performance. Counsel testified that he thoroughly cross-examined Ms. Whelchel on the inconsistent statements she made. (App. p. 586, lines 16-20; App. pp. 599-600). He further explained that he did not consider making himself a witness in the trial because he felt that he adequately impeached her credibility on cross-examination. (App. pp. 585-86). Counsel impeached Ms. Whelchel through other means, so the alleged conflict did not adversely affect counsel's performance.

As Whelchel has not demonstrated his attorney labored under an actual conflict of interest that adversely affected his lawyer's performance, he is not entitled to the presumption of prejudice. *See Mickens*, 240 F.3d at 355*; see also Cuyler*, 446 U.S. at 345-50. Nor can Whelchel demonstrate prejudice. Whelchel has not demonstrated to a reasonable probability that the result of his trial would have been different had his counsel taken the stand and therefore has not demonstrated that he suffered any prejudice from counsel's alleged deficiency.

In sum, Whelchel has not satisfied his burden under § 2254: he has not demonstrated that South Carolina's adjudication resulted in a decision based on an unreasonable application of the

facts or resulted in a decision contrary to clearly established federal law, or that it involved an unreasonable application of clearly established federal law.

### 4. Objection 4: The magistrate judge erred in concluding the only issue raised is the "failure to call expert witnesses."

Petitioner has presented three exhausted claims to this court: (1) ineffective assistance of counsel for failure to secure needed expert witnesses, (2) ineffective assistance of appellate counsel, and (3) ineffective assistance of counsel for a conflict of interest. All of Petitioner's other claims are not properly before this court. *See supra* pp. 7-9.

### 5. Objection 5: The magistrate judge erred in concluding that Petitioner has not shown cause, if, in fact, there has been a procedural default or bypass.

Because the requirement of exhaustion is not jurisdictional, a court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *See Murray v. Carrier*, 477 U.S. 478, 486-92 (1986); *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); *Clanton v. Muncy*, 845 F.2d 1238, 1241-42 (4th Cir. 1988), *cert. denied*, 485 U.S. 1000 (1988).

In his objections, Whelchel asserts ineffective assistance of counsel is the "legitimate reason" that several of Whelchel's ineffective assistance claims were not raised in his state court

proceedings. (Objections at 1). "[I]n certain circumstances[,] counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As the Supreme Court's opinion in *Edwards v. Carpenter* illustrates, however, "this second claim of ineffective assistance of counsel is *itself* subject to procedural bar, and if this claim was not properly raised before the state court, it cannot serve as 'cause.'" *Longworth v. Ozmint*, 302 F.Supp.2d 535, 544 (D.S.C. 2003) (citing *Edwards*, 529 U.S. at 453). The Supreme Court, in its closing statement, states that an exception to this procedural bar exists:

> To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim.

*Edwards*, 529 U.S. at 453. Under this precedent, a court may "be forced to infinitely consider whether there is 'cause' for the failure to raise the argument that PCR counsel failed to raise the argument that trial counsel did not raise a particular argument on appeal . . . ." *Longworth*, 302 F.Supp.2d at 544.

Using this precedent as a guide, this court concludes that Whelchel has not demonstrated cause for his default. Three claims with respect to ineffective assistance of trial and appellate counsel were properly presented in state court proceedings, and this court has determined these three claims of ineffective assistance of counsel are without merit.[3] As this court determined Whelchel was not denied effective assistance of appellate counsel, his asserted cause for procedural default must concern his counsel in the PCR proceedings. Nowhere in the record does Whelchel assert he

---

[3] See pages 11-17.

received ineffective assistance of counsel during his PCR proceedings. As a result, this claim is procedurally defaulted. *See Longworth*, 302 F.Supp.2d at 544.

Despite this procedural default, "if the Petitioner can now establish 'cause' for failing to assert the claim giving rise to the underlying 'cause'–that is, that PCR counsel failed to argue on PCR appeal that he and trial/appellate counsel were ineffective," then the merits of Whelchel's claim may still be heard. *Id*. at 544-45. Federal law does not allow such a consideration, however. Section 2254 states, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Whelchel attempts to establish "cause" due to the ineffective assistance of PCR counsel, but § 2254(i) prevents such a claim. Furthermore, "[t]here is no constitutional right to an attorney in state postconviction proceedings," *Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997), and thus no Sixth Amendment error. Whelchel's objection to the magistrate judge's conclusion that he has not established "cause" is thus without merit.

### 6. Objection 6: The magistrate judge erred in concluding the PCR judge's factual determinations were amply supported.

Whelchel objects to the magistrate judge's conclusion that the PCR judge's factual determinations regarding ineffective assistance of counsel claims were amply supported. (Objections p. 3-4). This court has reviewed the three ineffective assistance of counsel claims properly before it and found all three to be without merit. *See supra* p. 11-17. As such, no further review is necessary; this objection is without merit.

### 7. Objection 7: The magistrate judge erred in concluding that the South Carolina court's adjudication concerning appellate counsel's failure to raise the armed robbery issue was appropriate and supported by the facts.

This court has thoroughly reviewed Petitioner's claim of ineffective assistance of appellate

counsel for failure to raise meritorious issues and found it to be without merit. *See supra* p. 13-15. Because this court previously determined that Whelchel received effective assistance of appellate counsel, this objection is without merit.

### 8.     Objection 8: The magistrate judge erred by characterizing "facts" as "grounds."

Although difficult to articulate, Whelchel seems to assert the magistrate judge erred in not considering his claim of ineffective assistance of counsel due to a conflict of interest. (Objections at 4-5). This court agrees with Petitioner that this claim is properly before the court. However, having reviewed this claim, this court finds it to be without merit,[4] so Petitioner's objection is likewise without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' motion for summary judgment is hereby **GRANTED**, and Whelchel's § 2254 petition is **DENIED**.

**AND IT IS SO ORDERED**.

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 18, 2006**

---

[4] See pages 15-17.